UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PRAMOD OLI, A# 245 024 481,  §
§
Petitioner,  §
§
v.  §
§    SA-26-CV-01275-JKP
WARDEN, South Texas ICE Processing  §
Center, ET AL.,  §
§
Respondents.  §

## ORDER OF DISMISSAL

Before the Court is *pro se* Petitioner Pramod Oli's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and Respondents' Advisory to the Court. (ECF Nos. 1, 5). After review, the Court orders Oli's § 2241 Petition **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF No. 1).

### BACKGROUND

Oli, an immigration detainee, filed this § 2241 Petition contesting the legality of his continued detention and seeking release. (*Id.*). Respondents subsequently filed an Advisory to the Court. (ECF No. 5). In the Advisory, Respondents state Oli was removed from the United States on February 26, 2026, rendering his Petition moot.[1] (*Id.*).

### ANALYSIS

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A case becomes moot, depriving the

---

[1] The Court rendered a service order that included a stay of removal. (ECF No. 3). However, the service order was rendered March 6, 2026, *after* Oli was removed. *Compare id., with* (ECF No. 5). The Court did not learn of Oli's removal until Respondents filed their Advisory on March 13, 2026.

Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). A party must continue to have a personal stake in the outcome of the lawsuit. *TransUnion LLC*, 594 U.S. at 423; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Shemwell v. City of McKinney, Tex.*, 63 F.4th 480, 483 (5th Cir. 2023).

In his Petition, Oli requests release from detention. (ECF No. 1). However, Oli is no longer detained by immigration authorities and has been removed from the United States. (ECF No. 5). Because he is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress Oli's alleged injury with a favorable judicial decision. *See TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. Accordingly, Oli's claim for relief is moot and his Petition is subject to dismissal. *See Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (holding petitioners' habeas claims were properly dismissed as moot after they were released from detention); *see also Lewis*, 494 U.S. at 477; *Shemwell*, 63 F.4th at 483.

CONCLUSION

Oli has been removed from the United States and is no longer in detention. The Court can no longer provide Oli the relief he seeks. Accordingly, the Court finds Oli's § 2241 Petition is subject to dismissal without prejudice as moot.

**IT IS THEREFORE ORDERED** that Petitioner Pramod Oli's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is so **ORDERED**.

SIGNED this 16th day of March, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE